## NORRIS *v.* HOYT *et al.*

A NONRESIDENT alien can acquire title to real property in this State, by purchase, or other act of the party, though not by descent or other operation of law ; and may hold such property until office found—that is, until an official determination of the matter by the Government upon inquisition had for that purpose.

Until office found, such nonresident alien can maintain ejectment.   Until then no individual can question his rights or title, on the ground of alienage or nonresidence, either collaterally in ejectment, or directly in any other way.

By the common law, aliens could not acquire real property by descent or other operation of law ; and our Constitution, Art. I, Sec. 17, only removes this disability from those who are *bona fide* residents within the State.

*Siemssen* v. *Bofer*, (6 Cal. 250) commented on and explained.

15

Norris *v*. Hoyt.

Where H. and others enter into possession of land under an agreement with N. that he will pay for their improvements provided it be afterwards established that the premises belonged to him, and subsequently, N. having received a patent, upon confirmation of his grant, brings ejectment: *Held*, that defendants cannot set up as a defense this agreement to pay for their improvements—their remedy being a direct action on the agreement.

APPEAL from the Sixth District.

The facts appear in the opinion of the Court.    Plaintiff had verdict and judgment below.    Defendants appeal.

*Hereford & Long*, for Appellants, cited *Siemssen v. Bofer*, (6 Cal. 250).

*E. B. Crocker* and *S. Heydenfeldt*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The only questions presented for consideration on the appeal in this case arise upon the ruling of the Court in refusing a continuance.    The action is for the recovery of certain premises situated within the county of Sacramento, north of the American river, the plaintiff relying upon a patent of the United States, issued upon a confirmation of a grant of the Mexican Government.    When it was called for trial a continuance was moved, on the ground of the absence of material witnesses, by whom the defendants expected to prove, as alleged in the affidavits of one of their number, that the plaintiff was a foreigner and a subject of the King of Denmark, and was not and never had been a bona fide resident of California; and further, that the defendants entered upon the land in controversy, upon an agreement of the plaintiff to pay them for their improvements, provided it was established that the premises belonged to him.    The Court overruled the motion, holding that evidence of the facts alleged would have been irrelevant; and this ruling we affirm.

1. The alleged alienage and nonresidence of the plaintiff, if established, would have constituted no defense to the action.    By the common law, and in the absence of statute, its rule must govern: aliens can acquire title to real property by purchase, or other

act of the party, and hold the same until office found—that is, until an official determination of the matter by the Government upon an inquisition had for that purpose. (2 Kent, 61.) Until then no individual can question the rights or title of the claimant on the ground of his alienage and nonresidence, either collaterally in an action of ejectment, or directly in any other way. The rule of the common law is different with reference to property acquired by descent or other operation of law. Aliens, by that rule, cannot thus take, and the Constitution only removes the disability in this respect from those who are *bona fide* residents within the State. (Const. Art. I, Sec. 17 ; *Farrell* v. *Enright*, 12 Cal.) It is to nonresident aliens claiming by descent, as heirs of an intestate, that the language of the Court in *Siemssen* v. *Bofer* applies. (6 Cal. 250.) Such aliens have no inheritable blood, and cannot take, as we have said, by descent, and of course could not claim through the intestate. The act allowing nonresident aliens to take by inheritance had not been passed at the time that case was decided. (See *State* v. *Rogers*, 13 Cal. 150, and *Ramirez* v. *Kent*, 3 Cal. 558.)

2. The alleged agreement to pay for the improvements, if made, was no defense to the ejectment. The remedy of the parties in such case is by direct action upon the agreement.

Judgment affirmed.