AMERICAN BONDING CO. OF BALTIMORE v. MILLS, Sheriff.

SAME v. FINNEY, Sheriff.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1906.)

Nos. 1,320, 1,321.

REMOVAL OF CAUSES—TIME FOR REMOVAL.

A federal court cannot acquire jurisdiction of a cause by removal, on a petition filed several months after the removing defendant had voluntarily appeared in the state court both by demurrer and answer, and after the cause had been set for trial by that court without objection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 135, 136, 141.]

In Error to the Circuit Court of the United States for the Central Division of the District of Idaho.

Neal & Kinyon, Morrison & Pence, and Jesse W. Lilienthal, for plaintiff in error.

H. L. Fisher, F. J. Smith, and W. E. Borah, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

ROSS, Circuit Judge. These cases have been argued and submitted together. Each of the actions was originally brought in a state court of Idaho, by a sheriff of one of the counties of that state, upon a bond of indemnity given to him by the Flato Commission Company, a Nebraska corporation, as principal, and the American Bonding Company, a corporation of the state of Maryland, as surety. Each action in the state court was against these two corporations. The American Bonding Company, the plaintiff in error in each of the cases, appeared in the state court and filed a general demurrer to each complaint, at the same time filing in each case a petition for its removal to the court below, on the ground of the diverse citizenship of the parties, and tendering the usual bond. All of this was done May 27, 1904. The cases were transferred to the court below, but remanded by that court to the state court on the 22d of September, 1904, on the ground that both defendants did not join in the petition for removal; it then appearing that the summons issued in the actions had been served on one Charles F. Neal, as the resident agent of the Flato Commission Company in the state of Idaho. On the 26th of December, 1904, the plaintiff in error appeared in the state court and argued its demurrers, which were overruled, and thereupon it asked for and obtained a stipulation for time within which to answer the complaints, which it thereafter did. The cases were afterwards set for trial in the state court February 4, 1905.

On the 1st day of February, 1905, the Flato Commission Company moved the state court, supported by an affidavit of Charles F. Neal, to quash the service of the summons made upon him as its statutory agent, on the ground that he was not at the time of such service, and never was, such agent. This motion was sustained in each case, whereupon the counsel for the plaintiff in each case immediately directed that an alias summons be issued for service upon the Flato Commission Company. Before such issuance, however, and on February 4, 1905, the American Bonding Company presented to the state court its second petition and bond in each case for the removal thereof to the United States court, on the ground that the summons served upon Neal, as the statutory agent of the Flato Commission Company, had been quashed, and that it was the sole defendant and a citizen of the state of Maryland. The state court "declined to rule on the motions for removal till some action is taken in the matter by the United States court"; but action was there taken, and the causes were, on the 7th day of February, 1905, for a second time remanded to the state court, "for the reason that the proceedings before that court show that there was process outstanding at the time of hearing as against the defendant the Flato Commission Company." The alias summons had been issued on the

4th day of February, 1905, and on the 7th day of the same month was served upon the defendant Flato Commission Company by delivering a true copy thereof, together with a copy of the complaint, to the auditor of the county, pursuant to the provisions of section 4144 of the Revised Statutes of 1887, of the state. The Flato Commission Company did not plead to the complaints in the state court, but on the 16th of February, 1905, filed therein its petition and bond for the removal of the cases to the court below, prior to which time, according to the affidavit of the counsel for the plaintiff, filed in opposition to the petition, the default of that company for failure to appear had been entered, and judgment taken against it in the state court. Meanwhile, to wit, in February, the cases came on for trial as against the plaintiff in error here, the American Bonding Company; the record reciting:

"Counsel for the defendants at this time, before the jury was impaneled, but after the case was called for trial, objected to going to trial at this time, and filed a petition and bond for removal to the federal court. Whereupon the court overruled the objection of the defendants and ordered that the trial of the cause be proceeded with. To which ruling of the court counsel for defendants excepted."

We do not sit to review or consider the validity or regularity of the proceedings of that court in respect to that trial. It is sufficient to say that the result of it was a verdict against the American Bonding Company for $21,593.71, returned and recorded February 16, 1906.

At the same time that the Flato Commission Company filed in the state court its petition for removal of the cases to the federal court, to wit, February 16, 1905, the American Bonding Company filed therein its third petition for such removal, and on the 23d of March, 1905, filed in the state court what it denominated "a supplemental petition for removal." These petitions set up, in substance, the matters already alluded to, and, in addition, the supplemental petition set forth the following:

"That after the due filing of its petition and bond for removal on said 16th day of February, 1905, and after the due filing of the petition and bond for removal filed herein by the Flato Commission Company, the codefendant herein with this petitioner, and the due calling of the attention of the said court, which was then and there in session, to said petitions and bonds, and the request on the part of each of said defendants that said district court, in and for said Ada county, enter its order, that it proceed no further, and that it enter its order that this petitioner and its codefendant, the said Flato Commission Company, had lawfully removed said cause to the Circuit Court of the United States for the District of Idaho, the said court did then and there refuse to enter said order, or any part thereof, and did, notwithstanding said proceedings so as aforesaid taken by petitioner and its codefendant, the Flato Commission Company, order that said cause proceed to immediate trial as to this petitioner only, whereupon this petitioner filed its objections thereto, on the ground that said cause had been on that date lawfully removed to this court, and further objected and protested against said court taking any proceedings whatever therein, and demanded that said cause be continued until such time as its codefendant, the said Flato Commission Company, was by law required to plead and answer. That notwithstanding said objections and protests of this petitioner, said court, at the request of plaintiff in this cause, did proceed to impanel a jury and try this cause, notwithstanding the same was not at issue as to its codefendant, the Flato Commission Company, and notwithstanding the said Flato Commission Company had not answered or pleaded to said complaint, and notwith-

standing the time in which said Flato Commission Company was required by law to answer or plead had not expired, and did so try the same on the 17th day of February, 1905, over the said protest and objections of your petitioner as aforesaid, made and caused to be duly entered of record, and did submit said cause to said jury as aforesaid against the said protests and objections of this petitioner so as aforesaid made and caused to be entered of record, and caused said action to be tried and verdict found as to this defendant only. That then and thereby by the acts of the said plaintiff, done as aforesaid over the protests and objections of this petitioner so as aforesaid made and entered, and with full knowledge of the fact that as to the Flato Commission Company, defendant herein as aforesaid, the time to answer or plead had not expired, the said plaintiff elected to proceed against this defendant separately, and then and thereby there was by the act of said plaintiff a severance of said cause of action as to the said defendants, and each of them, and then and thereby for the first time this petitioner had a separate right of removal from the right of its codefendant herein, and said cause was for the first time removable as to this petitioner, without the joint and concurrent action of its codefendant herein, which facts more fully appear by the records filed herein, as well as by the affidavits in support of petitioner filed by this petitioner herein."

When the third and supplemental petitions were brought before the court below, a motion to remand the cases was again made, and, after argument, denied; the order of the court, under date of April 4, 1905, being:

"On this day was announced the decision of the court upon the motion to remand this cause heretofore argued and submitted, to the effect that said motion be denied; to which ruling plaintiff by his counsel excepted."

The court below having thus retained the cases, they afterwards came on for trial in that court, resulting in the judgments from which the present writs of error are taken.

Counsel for the plaintiff in error confine themselves wholly to the merits of the case. We think we are precluded from considering the merits by the total lack of jurisdiction of the court below over the cases. The court remanded them upon the first and second petitions, and we are unable to understand upon what ground it entertained the jurisdiction upon the third and supplemental petitions. Whether or not the state court erred in proceeding with a trial against the American Bonding Company, before the cases were also at issue as to the Flato Commission Company, is a matter with which the federal courts have nothing whatever to do. The controlling fact here is that at the time of the presentation of the petition upon which the court below took jurisdiction, and long before, the plaintiff in error had voluntarily appeared in the state court both by demurrer and answer, and the cases as to it been, without objection on its part, actually set for trial in the state court. Manifestly it could not thereafter remove them into the federal court. The filing of the petition for removal by the Flato Commission Company on the 16th of February, 1905, cannot aid the plaintiff in error. That petition was filed not only after the plaintiff in error had voluntarily appeared in the state court by demurrer and answer, and after the trial of the cases as to it had been, without objection on its part, actually set for trial in the state court, but also, according to the uncontradicted affidavit of the counsel for the plaintiff in the cases, after judgment had been entered in the state court against the Flato Commission Company for its failure to appear therein.

It results that in each case the judgment of the court below must be and is reversed, with directions to remand the cases to the state court, with costs to the defendant in error.