(July 5, 1907.)

## WILLIAM FINNEY, Sheriff, Respondent; v. THE AMERICAN BONDING COMPANY et al., Appellants.

[90 Pac. 859.]

MOTION TO DISMISS—TRANSCRIPT NOT FILED IN TIME—RULES OF COURT—REMOVAL TO UNITED STATES COURT.

1. *Held*, under the facts of this case, that the appeal was taken within the time required by the statute.

2. Under the provisions of paragraph 9 of rule 27 of the rules of this court, the transcript on appeal must be served on the adverse party and filed in this court within sixty days after the appeal is perfected.

3. Where a judgment was entered on February 18, 1905, and the notice of appeal was served and filed on the seventeenth day of April, 1905, and the undertaking on appeal filed the eighteenth day of that month, and the transcript on appeal was not filed or served until May 25, 1907, the appeal will be dismissed on motion of the adverse party on the ground that the transcript on appeal was not filed within the time required by the rules of this court.

4. Where a party undertakes to remove a cause commenced in the state court to the United States court, and the cause is remanded on the ground that the United States court acquired no jurisdiction of the cause by such attempted removal, the party undertaking such removal must take the consequences of the same.

(Syllabus by the court.)

APPEAL from the District Court of Third Judicial District for Ada County. Hon. George H. Stewart, Judge.

Motion to dismiss the appeal on the ground that the transcript was not filed within the time required by the rules of this court. Motion sustained and *cause dismissed.*

Morrison & Pence and Neal & Kinyon, for Appellants.

W. E. Borah and Frank J. Smith, for Respondent.

Counsel file no briefs on points decided.

SULLIVAN, J.—This is a motion to dismiss the appeal on three grounds, to wit: 1. That the appeal was not taken within one year from the date of the entry of judgment; 2. That no transcript was filed in said case within sixty days after notice of appeal was served; 3. That it is manifest from the records that the appeal is frivolous and taken merely for the purpose of delay.

The judgment was filed February 18, 1905. The notice of appeal was served and filed on the seventeenth day of April, 1905, and an undertaking on appeal was filed on the nineteenth day of that month. An appeal was taken by serving notice of appeal on the adverse party, or his attorney (Rev. Stats., sec. 4808). The notice of appeal was served and filed within sixty days after the entry of judgment, and the appeal was taken within the time required by the provisions of said section 4808. The transcript in the case was filed May 25, 1907, more than two years after the notice of appeal was given. It appears from the record before us that this action was commenced in the district court of Ada county on the thirteenth day of May, 1904. It appears that three efforts were made to remove this case from the state court to the United States circuit court. It also appears that on March 16, 1905, the third attempt at removal was made and petition and bond for removal were filed on that date. Thereafter plaintiff filed his motion in the circuit court to remand the cause to the state court, which motion was denied by the judge of the circuit court on the third day of April, 1905. Thereafter, the defendant, the American Bonding Company, filed a demurrer to the complaint, which demurrer was over-

ruled, and the Flato Commission Company answered in the circuit court of the United States. A trial was had and judgment rendered in favor of the plaintiff. Thereafter the defendant prosecuted a petition in error to the United States circuit court of appeals, which court sustained the motion of the plaintiff to remand, and did remand, said cause to the circuit court of the district of Idaho, without trial, on the merits, and the United States circuit court for the district of Idaho thereupon issued its order remanding the cause to the district court of the third judicial district of the state of Idaho, which order was filed on March 20, 1907. On March 16 and 17, 1905, after the filing of said third petition and bond for removal, a trial was had in the state district court over the objection of the defendants, and verdict was returned on February 17, 1905, and judgment was entered against the defendants.

On February 23, 1905, the defendant, the American Bonding Company, gave notice of intention· to move for a new trial, and notice of appeal was served and filed on the seventeenth day of April, 1905, as above stated, and a proper bond on appeal was also filed.

After the cause had reached the United States circuit court of appeals on the motion of the plaintiff, an order was made by that court to the effect that the United States circuit court had not acquired jurisdiction of the case by said proceeding for the removal of the same. (See *American Bonding Co. v. Mills*, 152 Fed. 107.) And the cause was remanded to the state court. The order remanding the same was entered and filed in the state district court on March 20, 1907. It appears that after that order was made and entered in the district court, counsel for appellant then proceeded to have their transcript on appeal from the district court of Ada county to the supreme court of this state prepared, printed and filed in this court, and said transcript was filed in this court May 25, 1907. Under these facts it is contended by counsel for appellant that the motion to dismiss should not be sustained, for the reason that this case had been removed on March 16, 1905, to the circuit court of the United

States, and was there tried and then taken by writ of error to the circuit court of appeals, and was from thence remanded to the district court of the state, on the ground that the case had not been properly removed or that the circuit court of the United States had not acquired jurisdiction on the petition and bond for removal. Of course, if a litigant desires to have a cause removed from the state court to the United States court, he has the right to have it so removed if he has sufficient grounds therefor; but if he has not sufficient grounds, and undertakes to secure a removal and fails, he must take the consequences. One of the elements of a square deal, as we understand it, is that the man who takes the chance of gaining what he wishes must also take the chance of losing it.

It has thus been determined that said case was not removed from the state court. It was tried by the state court. To be sure, that trial took place in opposition to the appellant's wishes, but the trial was had and a judgment entered against it on the seventeenth day of February, 1905. An appeal was taken on the seventeenth day of April, 1905. The appellant let the matter rest in that way from that date until the twenty-fifth day of May, 1907—over two years—before his transcript was filed. While the appeal was taken within the year, the transcript was not filed for over two years after the appeal was taken. Under paragraph 9 of rule 27 of the rules of this court (32 Pac. v), the transcript must be filed within sixty days after the appeal is perfected, if no extension of time is given for that purpose, and no extension of time was applied for or given.

Under all the facts of this case, as they appear from the record, we conclude that the motion to dismiss the appeal must be sustained, and it is so ordered. Costs of this appeal are awarded to the respondent.

Ailshie, C. J., concurs.

(July 30, 1907.)

ON PETITION FOR REHEARING.

[91 Pac. 318.]

SULLIVAN, J.—This case was dismissed on the motion of the respondent at the May, 1907, term of this court, on the ground that the transcript on appeal was not filed and served in the time provided by paragraph 9 of rule 27 of the rules of this court (32 Pac. v). The facts in the case, so far as the decision on the motion is concerned, are sufficiently stated in the opinion on the motion. (90 Pac. 859.) It is earnestly contended by counsel for the appellant that the court has misapprehended the facts and misapplied the law which ought to obtain on those facts. It is contended that during all the time that the case was pending in the United States court, that the proceedings in the state court were *coram non judice* and void, and counsel for appellant cite *McIver v. Florida Central & P. R. Co.*, 110 Ga. 223, 36 S. E. 775, 65 L. R. A. 437; *Kern v. Huidekoper*, 103 U. S. 485, 26 L. ed. 354.

In the last case above cited it is held that a *proper* removal of the cause from a state court to a United States court devests the state court of jurisdiction, but in the case at bar the circuit court of appeals held that the United States court had acquired no jurisdiction by the attempted removal, and hence the removal was not a proper one; aside from that, counsel for appellant appeared in the state court after the attempted removal, tried the case there, and after judgment had been rendered against the appellant, attempted to take an appeal to this court by serving notice of appeal and filing an appeal bond, and thereafter did nothing further in the matter for about two years. They made no application to this court for an extension of time in which to serve and file their transcript on appeal. They cannot be permitted to blow both hot and cold in this matter. They contend in one breath that the state court had no jurisdiction, and again they claim that they took a valid appeal from the judg-

ment of the state court during the very time that they now contend the state court had no jurisdicion of the case. If the state court had no jurisdiction, they, of course, could take no valid appeal from any judgment rendered by it; but, as we view it, their appeal was a valid appeal, because the case had not been properly removed. Having neglected and failed to comply with the rules in filing their transcript and and in pressing their appeal for more than two years after the appeal was taken, and having utterly failed to comply with the rules of this court in preparing, serving and filing their transcript on appeal, the petition for a rehearing must be denied, and it is so ordered.

Ailshie, C. J., concurs.