(May 21, 1913.)

FIRST NATIONAL BANK OF AMERICAN FALLS, IDAHO, Respondent, v. ABRAHAM SHAW and JESSE F. WILCOX, Appellants, and A. W. DAVIS, Intervenor and Respondent.

[132 Pac. 802.]

Appeal—Service of Bill of Exceptions—Filing Transcript.

1. Where a bill of exceptions is signed and settled by the trial judge on the 29th day of October, 1912, and the record does not show that any objections were made at the time of the settlement that such bill of exceptions had not been served, this court will pre-

sume that such service was made, where it appears that the respective parties agreed thereafter that the bill of exceptions was correct as engrossed, and that the same was allowed and agreed to by the respective counsel, and the respondent is estopped from raising objections for the first time in this court that the bill of exceptions was not served.

2.   Rule 23 of the rules of this court requires that the transcript on appeal must be filed in this court within sixty days after the appeal is perfected or writ of error issued, and under Rule 25 this time limit may be extended by order of the court or justice thereof upon good cause shown by affidavit or by stipulation of parties, but only one order shall be made by the court or justice, nor shall such extension exceed thirty days.

3.   Rule 26 of this court provides, if the transcript is not filed within the time prescribed by Rule 23, the appeal or writ of error may be dismissed on motion, without notice.

4.   Under the provisions of sec. 4818, Laws of 1911, p. 375, on an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in sec. 4434, upon which the appellant relies.

5.   Sec. 4820a, Laws of 1911, p. 375, provides that the copies which the appellant is required by secs. 4818, 4819 and 4820 to furnish to the supreme court shall be procured and furnished in the following manner: The appellant, within five days from the filing of the notice of appeal, shall file with the clerk a praecipe for a transcript of the papers which he desires, and shall pay to the clerk fees, and deposit with the clerk the sum required by the rules of the supreme court as a deposit to secure payment of appellant's costs on appeal.

6.   Upon the receipt of the fees provided by sec. 4820a, Laws of 1911, p. 375, the clerk is required to prepare an original and four carbon typewritten copies of the papers designated by the praecipe, with the exception of any reporter's transcript prepared under sec. 4434. Upon the completion of said transcript, the clerk shall deliver two copies to the appellant or his attorney, and shall prepare the remaining three copies as required by the statute, and append thereto a certificate that the same is compiled and bound under his direction as a true and correct transcript of the proceedings therein contained. Upon the receipt by the clerk of the supreme court of the transcript and affidavits or admissions of service of the transcript, the clerk is required to docket the case, and the same will be heard upon the typewritten transcripts.

7.   Where the transcript is not prepared and filed upon appeal with the clerk of this court in accordance with the requirements of

the statute, secs. 4818, 4820a, and there is no showing that the fees tendered to the clerk of the district court to pay for the preparation of the transcript, and the transcript is not prepared and filed in this court within the time and in the manner prescribed by the rules of this court, the appeal, upon proper motion,. will be dismissed.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County.   Hon. Alfred Budge, Judge.

An action upon a promissory note.   Judgment for plaintiff. Appeal dismissed.

S. C. Winters, for Appellants, files no brief on points decided.

O. M. Hall and Jas. R. Bothwell, for Respondent.

''After the time has expired for serving and filing a proposed statement or bill of exceptions, the judge or court has no power to extend the time.'' (*Swartz v. Davis,* 9 Ida. 238, 74 Pac. 800; *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060.)

The transcript in this case was not filed until something over four months and a half had elapsed from the date of the perfection of the appeal, and for this reason the appeal should be dismissed. (*Finney v. American Bonding Co.,* 13 Ida. 534, 90 Pac. 859, 91 Pac. 318.)

STEWART, J.—This action was commenced in the district court by the First National Bank of American Falls, as plaintiff, against the defendant, Abraham Shaw, to recover upon a promissory note, dated August 20, 1909, for the sum of $1,000, payable upon demand, and executed by Abraham Shaw. Answer and cross-complaint was filed by Shaw, and Arthur W. Davis and J. F. Wilcox were also made defendants; answers were filed to such cross-complaint by Davis and Wilcox.

Upon the issues formed the cause was tried and conclusions of law were found and judgment entered for the plaintiff for the sum of $1,244.05, and findings were made that certain

sums were due between the various defendants. From this judgment Shaw and Wilcox appealed to this court.

The transcript contains a bill of exceptions. Attached to the bill of exceptions is the following:

"The foregoing bill of exceptions allowed and settled this 29th day of October, 1912.

"ALFRED BUDGE,
"Judge of said District."

There is also attached to such bill of exceptions the following stipulation:

"It is hereby stipulated that the above and foregoing bill of exceptions is correct as engrossed and may be allowed.

"O. M. HALL,
"Atty. for Plaintiff and Deft. Davis.
"S. C. WINTERS,
"Atty. for Shaw and Wilcox."

This stipulation was filed November 1, 1912. The clerk of the district court certifies to this bill of exceptions, and in such certificate states: "That the above and foregoing transcript on appeal was compiled and bound under my direction as a true and correct transcript of the papers and files therein contained, in so far as required of me to be transcribed by the praecipe of the appellant heretofore filed in this case. That the same are full, true and correct copies of the said papers and files, now on file in my office in said action. And I further certify: That the notice of appeal was filed in my office on the 16th day of August, 1912, and that thereafter and on the 16th day of August, 1912, an undertaking on appeal, in due form was properly filed in my office in said cause." The above was properly signed by the clerk.

The first question presented is a motion that the bill of exceptions be stricken from the transcript, upon the ground that such bill of exceptions was neither served nor settled within the time allowed by the statute or order of the court or judge. It will be observed that the record shows that the bill of exceptions was settled the 29th day of October, 1912, by the judge of said district court. The record does

not show that any objections were made at the time of the settlement, that such bill of exceptions had not been served, and this court will presume that such service was made.

There is also attached to the bill of exceptions a stipulation, wherein counsel for the respective parties agreed that the bill of exceptions is correct as engrossed, and that the same was allowed and agreed to by the respective counsel.

Under these facts we are of the opinion that it is too late to raise this question for the first time in this court, and that the respondents are estopped from raising the same by reason of the stipulation. Where a bill of exceptions is questioned, counsel for respondent should call the trial court's attention to the defect and present such questions to the trial judge for consideration. The appellant is entitled to have a hearing upon the objections, and if such objections are not made at that time, they cannot be first made in this court.

The next question is a motion to dismiss the appeal. This motion is based upon the ground that the transcript on appeal was neither filed nor served within the sixty days after the appeal was perfected. The judgment was rendered and filed on June 17, 1912. The notice of appeal was served on August 15, 1912, and was filed on August 16, 1912; an undertaking on appeal was filed on August 16, 1912, and as certified by the clerk was in due form. The transcript was certified by the clerk December 7, 1912. On July 31st the judge signed an order granting to appellant an extension of time to September 1, 1912, to settle the bill of exceptions.

It is argued on behalf of respondent that the order of the trial judge made on July 31, 1912, has no force or effect as an extension of time, for the reason that the same was granted after the expiration of the sixty days after the appeal was perfected. This motion is based on the case of *Finney v. American Bonding Co.*, 13 Ida. 534, 90 Pac. 859, 91 Pac. 318, in which this court applied the provisions of par. 9 of Rule 27 of the rules of this court, wherein it prescribes that the transcript on appeal must be served on the adverse party and filed in this court within sixty days after the appeal is perfected.

The rule construed in that case is practically the same as Rule 23 of the rules of this court now in force, wherein it is provided: "Transcripts . . . . must be filed in this court within sixty days after the appeal is perfected or writ of error issued, and the same must be certified to be correct by the attorneys of the respective parties or by the clerk of the court from which the appeal is taken. Written evidence of the service of the transcript upon the adverse parties shall be filed therewith."

Under Rule 25 of the rules of this court, it is provided: "The time limited in which a transcript must be served and filed, as set forth in Rule 23, may be extended by an order of the court, or a justice thereof, upon good cause shown by affidavit, or by stipulation of the parties filed with the clerk, but only one such order shall be made by the court or a justice thereof, in any case, nor shall such extension in any case exceed thirty days: *Provided,* that the time during which the trial court, or judge thereof, may hold a bill of exceptions, or statement, prior to the settlement and filing thereof, and the time during which the attorney for the respondent may retain the transcript on appeal before certifying or refusing to certify the same, shall be excluded in computing the time, either under this rule, or under Rule 23, within which the transcript on appeal shall be filed."

Rule 26 provides: "If the transcript of the record is not filed within the time prescribed by Rule 23, the appeal or writ of error may be dismissed, on motion, without notice."

The contention of the respondent that the order of the trial judge, dated July 31, 1912, extending the time for the settlement of the bill of exceptions to September 1, 1912, has no force because the same was granted after the expiration of the sixty days after the appeal was perfected, is not well taken, as it appears from the record that at the time the order extending the time was made by the judge on the 31st of July, the appeal had not been perfected, and was not until August 16, 1912. Rule 23 of this court would not apply, as such rule applies only to cases where the order is made after the expiration of sixty days after the appeal is perfected.

Sec. 4818, Laws of 1911, p. 375, provides: "On an appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in sec. 4434, upon which the appellant relies." In this same act sec. 4820a was incorporated and inserted as a part of title 13, chap. 2 of the Code of Civil Procedure, and provides:

"The copies which the appellant is required by secs. 4818, 4819 and 4820 to furnish to the supreme court shall be procured and furnished in the manner following, to wit:

"1. The appellant, within five days from the filing of the notice of appeal, shall file with the clerk a praecipe for a transcript of the papers which he desires, and shall pay to the clerk [fees specified] . . . . for the services of the clerk in preparing an original and four carbon typewritten copies of the papers required. . . . . He shall likewise, at the same time, deposit with the clerk such sum as may be required by the rules of the supreme court as a deposit to secure payment of appellant's costs on appeal.

"2. Upon receipt of said fees, the clerk shall prepare an original and four carbon typewritten copies of the papers designated by the praecipe, with the exception of any reporter's transcript prepared under section 4434. Upon the completion of said transcript, the clerk shall deliver two copies to the appellant or his attorney, and shall bind the remaining three copies in substantial cardboard binding, suitably stapled or tied, binding them with any reporter's transcript prepared under section 4434, and shall append thereto his certificate that the same is compiled and bound under his direction as a true and correct transcript of the proceedings therein contained. . . . .

"4. Upon the receipt by the clerk of the supreme court of said transcripts and affidavits or admissions of service, the cause shall be docketed by him and shall be heard upon said typewritten transcripts without requirement of printed copies."

The court is then granted power to make certain rules governing the preparation and character of transcripts.

The provisions of the above sections require: First, that the appellant have prepared by the clerk a copy of the final judgment, of the notice of appeal, of the judgment-roll, and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in sec. 4434; second, that the appellant within five days from the filing of the notice of appeal file with the clerk a *praecipe* for a transcript of the papers which he desires and pay the fees, and upon the fees being paid, the appellant's duties, in so far as having the transcript prepared for appeal, have been completed, and the duty passes from the appellant to the clerk, and it is made the duty of the clerk to prepare such transcript and transmit the same to the clerk of this court, and when the clerk has performed his duty, as required by sec. 4820a, it is the duty of the clerk of this court to file the transcript and place the case upon the docket of this court for hearing.

Taking into consideration the date of the judgment, the time of filing and serving the notice of appeal and the time of certifying the transcript by the clerk and the filing of the transcript on appeal and the time of settling the bill of exceptions, which was almost two months or about sixty days beyond the time the trial judge extended the time, to wit, September 1st, and the fact that no showing or excuse was made in this court for the delay in filing the transcript after being certified to by the clerk of the district court, when considered in connection with the extent of the transcript, which consists of twenty-seven pages, embracing the pleadings, judgment and notice of appeal, and which also includes the bill of exceptions which contains the evidence and the assignments of error, the order of settlement and the clerk's certificate, making in all about sixty pages of typewritten matter, it would seem to indicate that the appellant did not take the necessary steps required by the statute in presenting this appeal speedily and in good faith and without unnecessary delay, and thus the case falls within the rule announced by this court in *Finney v. American Bonding Co.*, 13 Ida. 534,

90 Pac. 859, 91 Pac. 318, and *Strand v. Crooked River Mining & Milling Co.,* 23 Ida. 577, 131 Pac. 5. In the latter case this court made some observations which were thought proper by the court for the benefit of counsel and parties who appeal cases to this court, because of delays which sometimes occur in completing the appeal and preparing the case for hearing in this court, and in order thereby to avoid delay because of carelessness and want of proper attention to cases that are on appeal.

The motion to dismiss the appeal is sustained and the appeal is dismissed. Costs awarded to respondents.

Ailshie, C. J., sat at the hearing but took no part in the consideration of the case.

Sullivan, J., concurs.