(February 15, 1915.)

HARRY M. COON et al., Respondents, v. JAMES A. SOMMERCAMP, Treasurer and *Ex-officio* Tax Collector of Washington County, State of Idaho, Appellant.

[146 Pac. 728.]

POLITICAL CORPORATION—STATE, COUNTY, MUNICIPAL OFFICERS—PROSECUTION OR DEFENSE OF SUITS IN OFFICIAL CAPACITY—UNDERTAKINGS ON APPEAL—TRANSCRIPTS SERVED ON ADVERSE PARTY—PROOF OF SERVICE OF TRANSCRIPT—CLERK'S CERTIFICATE INSUFFICIENT—MOTION TO DISMISS APPEAL SUSTAINED.

1. Sec. 4935, Rev. Codes, which provides that "In any civil action or proceeding wherein the state or the people of the state, is a party plaintiff, or any state officer, in his official capacity, or on behalf of the state, or any county, or city, is a party plaintiff or defendant, no bond, written undertaking, or security can be required of the state, or the people thereof, or any officer thereof, or of any county, or city; but on complying with the other provisions of this

code, the state, or the people thereof, or any state officer acting in his official capacity, or any county or city, have the same rights, remedies and benefits as if the bond, undertaking or security were given and approved as required by this code," applies to county treasurers and *ex-officio* tax collectors in prosecuting an action for and on behalf of a rural high school district; said rural high school district being a political corporation of the state.

2.   Whenever an action is brought by or against state, county or municipal officers, and such officers prosecute or defend in said action in their official capacity, acting for or defending the rights of the state, county or municipality, or any legal subdivision thereof, they are permitted to so act without furnishing costs or undertakings on appeal.   (Sec. 4935, *supra.*)

3.   In all cases where an appeal is perfected, a transcript of the record must be served upon the adverse party and filed in this court within sixty days after the appeal is perfected, unless an extension of time be granted; otherwise the appeal will be dismissed.

4.   Where it appears from the record on appeal that the transcript was not served upon the adverse party and a motion is made in this court to dismiss the appeal for that reason, and where an affidavit by counsel for appellant, attempting to show service, but uncertain and indefinite in its terms, is filed subsequent to the hearing of the motion to dismiss the appeal, it will not be considered by the court as sufficient proof of service of the transcript and the motion to dismiss will be allowed.

5.   Upon an appeal from a judgment, the clerk is required to furnish the court with a copy of the notice of appeal, the judgment-roll and any bill of exceptions or reporter's transcript.   Where the clerk certifies that the transcript of the proceedings in the trial court "contains all the papers specified in the *praecipe* filed with me," said certificate is insufficient.

APPEAL from the District Court of the Seventh Judicial District for Washington County.   Hon. Ed. L. Bryan, Judge.

Action to enjoin collection of school tax.   Motion to dismiss appeal.   *Sustained.*

J. H. Peterson, Attorney General, and T. C. Coffin, Assistant, James Harris and Devaney & Carter, for Appellant.

The law in California with regard to the filing of a bond by a public officer is in conflict, but we find another and apparently better rule established in Washington, and a con-

sistent line of decisions follows it. The rule there announced in the case of *Corbett v. Civil Service Commission of the City of Seattle,* 33 Wash. 190, 73 Pac. 1116, is that the section of the code dispensing with the filing of a bond applies to all cases in which an officer of a legal subdivision of the government is acting in his official capacity. That the appellant in the case at bar is so acting is sufficiently shown for the purposes of this case by the fact that he is sued in that capacity. The respondent is endeavoring on this motion to take advantage of mere technicalities in the procedure of taking the appeal, and those who rely upon technicalities must themselves observe them. The twenty days prescribed by sec. 4809, Rev. Codes, for objecting to the undertaking had expired, and the motion comes too late under the provisions of this section. (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Martin v. Wilson,* 24 Ida. 353, 134 Pac. 532. See, also, *Kohn v. Davidson,* 23 La. Ann. 467; *Arrington v. Smith,* 26 N. C. 59; *Saylor v. Marx,* 56 Tex. 90; *Seattle & M. Ry. Co. v. Johnson,* 7 Wash. 97, 34 Pac. 567; *Roberts v. Shelton S. W. R. Co.,* 21 Wash. 427, 58 Pac. 576.)

The signing of a stipulation allowing the respondent more time in which to file his brief constitutes an appearance in the supreme court which waives technical defects in the appeal and in the bond. (*National Safe & Lock Co. v. People,* 50 Ill. App. 336.)

Wood & Driscoll and Varian & Norris, for Respondents.

Sec. 1058 of California Code of Civil Procedure is identical, so far as this question is concerned, with our sec. 4935, Rev. Codes.

The supreme court of California in *Lamberson v. Jefferds,* 116 Cal. 492, 48 Pac. 485, held that it would be applied to such official in all cases where it appeared that the county was really the party in interest. But in an earlier case it was said: "A county officer is not exempted from filing an undertaking on appeal by virtue of the provisions of sec. 1058, Code Civil Procedure." (*Von Schmidt v. Widber, County Treasurer,* 3 Cal. Unrep. 835, 32 Pac. 532.)

The county treasurer is acting as agent for the school district and not for the county; the county is not the real party in interest, and in fact, has no interest therein. As county treasurer, where the county is not the real party in interest, he is not excused from filing bond. Much less is he excused when he is acting in the interest of and agent for the school district, for the statute makes no mention of them. (*Mitchell v. Board of Education,* 137 Cal. 372, 70 Pac. 180.) The Washington rule is identical with that of California and based on California cases, and the question in this case remains as stated, Is the county here the real party in interest? If not, the bond must be filed.

The record shows the appeal perfected in this case on June 5, 1914, and the transcript was filed in this court on August 29, 1914, eighty-five days later. The record shows no extension of time. It affirmatively appears from the record that there is no reporter's transcript, and but 32 pages of clerk's transcript. It does not appear that appellant filed his *praecipe* for a transcript with the clerk within five days, that he paid the fees, nor does any other matter appear which would excuse the delay, or show that the appellant had proceeded with all the diligence in his power. (*First National Bank of American Falls v. Shaw,* 24 Ida. 134, 132 Pac. 802.)

Chapter 17, Sess. Laws 1911, sec. 3, p. 376, provides that the appellant shall file with the transcript "appropriate affidavit or admission of service." Rule 23 of this court contains substantially the same provision. The record in this case shows absolutely no compliance with the requirement. Under the rule in *Strand v. Crooked River Min. etc. Co.,* 23 Ida. 577–580, 131 Pac. 5, the omission is jurisdictional, and the appeal must be dismissed.

BUDGE, J.—Rural high school district No. 1 of Washington county was composed of school districts Nos. 5 and 8. On the 18th day of January, 1913, the board of county commissioners of Washington county, ordered the segregation of school district No. 5 from rural high school district No. 1.

After said segregation, the board of directors of school district No. 1 levied a tax upon all property situated therein, as it existed prior to the action of the board of county commissioners, segregating the same, which levy was duly reported and certified to the county commissioners, and thereafter entered upon the assessment-roll by the county assessor, who, subsequent thereto, turned over his assessment-rolls to the appellant herein, as county treasurer and *ex-officio* tax collector, for collection. This action was instituted to restrain the appellant as *ex-officio* tax collector from collecting said tax. A general demurrer to respondent's complaint was filed by appellant and thereafter argued and by the trial court overruled. To the complaint of respondent, the appellant filed an answer, to which answer, respondent filed a motion to strike a portion of the same, which motion was sustained by the trial court, whereupon judgment was taken by the respondent. This appeal is from the judgment.

On October 17, 1914, attorneys for respondent filed a notice of motion and motion to dismiss the appeal herein, upon the following grounds, to wit:

First, that the undertaking on appeal was not filed within five days after the service of the notice of appeal, upon the attorneys for the respondent, as required under sec. 4808, Rev. Codes.

Second, upon the ground that the transcript was not accompanied with a certificate of the clerk or of the attorneys, that an undertaking on appeal in due form had been properly filed.

Third, that the transcript was not filed in the supreme court within the statutory time.

Fourth, that proof of service of the transcript was not filed.

Fifth, that the certificate of the clerk to the transcript is insufficient.

The first ground of the motion to dismiss the appeal is based upon the failure of appellant to file an appeal bond or undertaking within the statutory time, or to furnish any other security that he would pay such damages or costs, as might be awarded against him, upon the dismissal of the appeal.

Sec. 4935, Rev. Codes, provides that, "In any civil action or proceeding wherein the state or the people of the state, is a party plaintiff, or any state officer, in his official capacity, or on behalf of the state, or any county, or city, is a party plaintiff or defendant, no bond, written undertaking, or security can be required of the state, or the people thereof, or any officer thereof, or of any county, or city; but on complying with the other provisions of this code, the state, or the people thereof, or any state officer acting in his official capacity, or any county or city, have the same rights, remedies, and benefits as if the bond, undertaking, or security were given and approved as required by this code."

From the record in this case, it appears that notice of appeal was served on June 2, 1914, and filed June 5, 1914, in the district court, and that a writing purporting to be an undertaking on appeal, was filed on the 12th day of June, 1914, which was ten days after the service of the notice of appeal upon the adverse party, and seven days after filing with the clerk.

Under sec. 4808, *supra*, counsel for respondent contends that the appeal is ineffectual for any purpose, for the reason that the undertaking was not filed within the five days after service of the notice of appeal, and calls our attention to a number of decisions by this court, upon the question of the necessity for filing the notice and undertaking on appeal within the statutory time. As we view this case, it is not necessary to determine whether or not the undertaking on appeal is sufficient to meet the requirements of the statute, or that there has been a waiver by respondent of the insufficiency of the undertaking, by reason of his failure to take advantage of sec. 4809, Rev. Codes, which provides: "If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon the appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiency of such undertaking. No defect or insufficiency not thus

specifically pointed out, shall subsequently be urged against the undertaking or the appeal."

Sec. 1058, Kerr's Codes of Cal., is practically the same as sec. 4935, *supra,* and in the case of *Lamberson v. Jefferds,* 116 Cal. 492, 48 Pac. 485, the court held that "Although county officers are not expressly mentioned in this section, where county officer prosecutes action not in his individual right, but on behalf of the county, he comes within reason of rule and is included within provisions of this section; county itself being real party in interest."

Sec. 4935, *supra,* does not include the words "county official"; neither does sec. 1058, Kerr's Code. However, the supreme court of California, in placing a construction upon this statute, held that where a county official prosecutes or defends in an action in his official capacity and not in his individual right, and the action is maintained or defended on behalf of the county; that such county officer comes within the reason of the rule, and is included within the provisions of the section above cited.

Counsel contends that in any event, the appellant, in the case at bar, would not be protected under the California decisions, or under section 4808, *supra,* for the reason that the county of which appellant is treasurer and *ex-officio* tax collector, is not the real party in interest, or in any sense a party in interest, and that said tax collector acts solely as agent for said high school district.

Session Laws 1911, sec. 137, subdivision "G," p. 537, provides that it is the duty of the board of trustees of rural high school districts "To estimate and vote the amount of tax necessary to support the school, at a meeting previous to September 1st in each year, and report the same to the board of county commissioners, which amount, . . . . shall be spread upon the tax-roll the same as other district taxes . . . . "

Sess. Laws 1911, sec. 138, p. 537, provides: "The duties of the officers of the board shall be the same as is prescribed by law for similar officers of other boards of school trustees, . . . . "

Sess. Laws 1913, sec. 65, p. 530, provides: "The tax for general school purposes, levied for the purpose of establishing and maintaining public schools in the several counties of this state, must be levied by the board of county commissioners at its session when the tax is by it levied for county purposes and must be collected by the same officers and in the same manner as other state and county taxes are collected, and paid into the county treasury and apportioned to the county school fund."

Sess. Laws 1913, sec. 103, p. 206, provides that "The governing authorities of every city, town, village, school district, or any other district or municipality to which is delegated by law the power to levy taxes must, on or before the third Monday of September in each year, certify to the county auditor the tax rate levied by any such city, town, village, school district or other district or municipality, for the said year upon any property situated therein, and the county auditor shall on or before said date file a certified list of such levies in the office of the assessor and in the office of the tax collector."

In our opinion, a reasonable construction of the sections above referred to, would be that all school taxes, whether they be fixed by the board of trustees of a rural high school district (under Sess. Laws 1911, sec. 137, subdivision "G," p. 537), or by the board of county commissioners (under Sess. Laws 1913, sec. 65, p. 530), are placed upon the tax-roll, as all other taxes, and collected in the same manner and by the same official. Therefore, in an action against, or one maintained by or on behalf of a county treasurer and *ex-officio* tax collector, involving the validity of either a rural high school tax, or a general school tax, the official would be acting on behalf of a legal subdivision of the state government and not as the agent of a rural high school district, as contended by counsel for respondents.

In the case of *Trueman et al. v. Village of St. Maries et al.*, 21 Ida. 632, 123 Pac. 508, wherein the village of St. Maries was appellant, a motion was made to dismiss the appeal on the ground that no undertaking was given as provided by law. Counsel for the village relied upon sec. 4935, *supra,* and

furnished no undertaking upon appeal. Upon the argument of the motion to dismiss the appeal, counsel for respondent contended that the word "city" as used in sec. 4935, *supra,* did not include villages organized under the laws of the state, and that the statute was only intended as immunity to cities, and not towns or villages. 'In that case, the court held "that in the law regulating the organization and government of cities and villages in this state, the words 'cities,' 'villages' and 'towns' have been used indiscriminately, and one word for the other; and we have no doubt whatever but that the legislature intended, in using the word 'city' in the above act, to include all municipal corporations organized under the laws of the state governing the organization of cities and villages, and to exempt the state and county, and all municipalities organized as such, as cities and villages." The motion to dismiss was denied.

Whenever an action is brought by or against state officers, and such officers prosecute or defend in said action, in their official capacity, acting for, or defending the rights of the state, or any legal subdivision thereof, they are permitted to so act without furnishing costs or undertakings on appeal. This same rule applies to all state, county, district and municipal officers, while engaged in protecting the rights of the people in the courts. This, we think, is but a reasonable construction of sec. 4935, *supra.* Any other rule might seriously tend to defeat the interest of the public in protecting its legal rights in the courts.

In the case of *Holmes v. City of Mattoon,* 111 Ill. 27, 53 Am. Rep. 602, we think the rule is there correctly stated, as follows:

"Public municipalities, such as counties, cities, villages, towns and school districts, and all officers suing for or defending the rights of the state, or acting for or instead of the state in respect of public rights, being only instrumentalities of the state, may constitutionally be authorized to sue without the payment of costs, or conforming to all the requirements imposed by the law upon natural persons or corporations formed for private gain." In that opinion the court

says: "The state, whatever its form or its powers, has the un-
questioned right, as representing the sovereign power, to
prosecute and defend all suits and maintain all legal proceed-
ings without costs or other restrictions, unless imposed by
fundamental law, or self-imposed by legislative enactment.
. . . . From and before the organization of the state it has
ever prosecuted and defended suits, criminal and civil, with-
out liability for costs, damages or forfeitures, and has prose-
cuted writs of error without bonds or any restrictions what-
ever. . . . . It is believed that in no government, in ancient
or modern times, has it been required to give bond for the
payment of the costs of litigation, before bringing suit, or an
appeal, or on error. . . . . This being true of the state gov-
ernment, it is necessarily true of all its officers, agents and
instrumentalities, while employed in seeking the rights of the
government in the courts of justice.   Hence, officers suing
for or defending the rights of the state are acting for and in
the stead of the state, and to that extent not only may but
should be permitted to do so on the same terms and for the
same reasons the state is permitted to sue for or defend its
rights.

"Again, municipalities, such as counties, cities, villages,
towns, school districts . . . . under the patronage and control
of the state, and all public officers when suing or defending
in their official capacity for the benefit of the public, are the
instruments of the state to carry out its powers for the public
welfare, and in exercising their powers and enforcing public
rights they act as agents, and may have extended to them the
same exemptions in suits as belong to the state."

We are of the opinion that the appellant comes within the
provision of sec. 4935, *supra*, and that he was not required to
furnish an undertaking on appeal.

The conclusions reached upon this question, dispose of the
second ground of respondent's motion to dismiss the appeal.

We come now to the third, fourth and fifth grounds of the
motion to dismiss the appeal.

The record shows that the appeal in this case was perfected
on June 5, 1914; that the transcript was filed in this court on

August 29, 1914, and that no extension of time was granted by the court. Rule 23 of this court provides: "In all cases where an appeal is perfected, . . . . transcripts of the record . . . . must be served upon the adverse party and filed in this court within sixty days after the appeal is perfected . . . . and the same must be certified to be correct by the attorneys of the respective parties or by the clerk of the court ·from which the appeal is taken. Written evidence of the service of the transcript upon the adverse party shall be filed therewith." This transcript was not filed until the expiration of eighty-five days after the appeal was perfected. There was no *praecipe* filed with the reporter and no transcript of the testimony appears in the record. However, from the findings of fact, it appears that "evidence was introduced on behalf of the plaintiff" and it also appears from the transcript, that there was one exhibit at least, introduced in evidence, which is found in the transcript. What the evidence was that was introduced on behalf of the plaintiff, we are not advised and we have no means of knowing from the transcript.

It nowhere appears that the appellant filed his *praecipe* for transcript with the clerk within five days after the filing of the notice of appeal. There is no stipulation by the attorneys that the clerk's transcript contains a true and correct transcript of the proceedings had before the trial court. Rule 26 of this court provides: "If the transcript of the record is not filed within the time prescribed by Rule 23, the appeal . . . . may be dismissed, on motion, without notice, . . . . " It was clearly the duty of the attorney for appellant to use reasonable diligence to the end that the clerk complete his transcript and that the same be served upon the opposing counsel within the time prescribed by the rules of this court.

Sess. Laws 1911, sec. 3, p. 376, provides that the appellant shall file with the transcript "appropriate affidavit or admission of service," and Rule 23 of this court, contains substantially the same provision. The transcript in this case affirmatively shows a failure to comply with these requirements. We are not unmindful of the fact that an affidavit was filed with the clerk of this court, by permission, on the 25th day

of January, 1915, subsequent to the argument of the motion to dismiss the appeal. We have carefully examined the contents of the affidavit and do not feel warranted in holding that it is sufficient proof of service of the transcript upon counsel for respondents, as it is altogether too indefinite and uncertain.

The clerk of the trial court certifies ''that the within and foregoing transcript is compiled and bound under my direction as a true and correct transcript of the proceedings therein contained, and that said transcript contains all the papers specified in the *praecipe* filed with me, and further, that no *praecipe* or order for reporter's transcript has been filed.'' Whether the *praecipe* filed with the clerk enumerates all of the proceedings had in the trial court, we are left to conjecture. From his certificate it would appear that it is not a true and correct transcript of all of the proceedings, but is made up of the papers specified in the *praecipe*. Sess. Laws 1911, sec. 4818, p. 375, provides: ''On an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or reporter's transcript. . . . . '' The clerk's certificate does not certify that the transcript contains a true and correct copy of the judgment-roll. It is easy to determine from the transcript what papers are included, which are a part of the judgment-roll, but we are unable to determine what papers are omitted that might properly be a part of this judgment-roll. The certificate of the clerk is insufficient.

We therefore conclude that there was a total failure to comply with the statutes, or rules of this court, and that this case comes within the rule announced in the case of the *First Nat. Bank of American Falls, Idaho, v. Shaw*, 24 Ida. 134, 132 Pac. 802; *Strand v. Crooked River Min. & M. Co.*, 23 Ida. 577, 131 Pac. 5. In the latter case it is held: ''Where it appears from the record on appeal that the transcript was not served upon the adverse party, and a motion is made in this court to dismiss the appeal upon the ground that such transcript was not served, said motion will be sustained, as such

statute is mandatory and requires the transcript to be served."

Learned counsel for appellant earnestly contends that these objections have been waived under sec. 4809. That section has reference to the first and second grounds upon which counsel for respondent relies, but in our opinion has no application to the remaining three grounds, which, we think, are all well taken and fatal to this appeal.

If an appeal is to be considered by this court, counsel for appellant must exercise diligence in complying with the statutes and rules of this court governing such appeals. It is clearly the duty of counsel to diligently prosecute his appeal to a final determination in this court, and while, under the new practice act, as provided in Session Laws of 1911, pages 375–377, a great deal of the clerical work that was formerly required to be done by the attorney for appellant is now required of clerks of the district courts and court stenographers, counsel is not entirely relieved of responsibility. It is still his duty to procure from the district judge the necessary order directing the court reporter to prepare a transcript of the evidence, or specified portions thereof. It is also incumbent upon counsel to file with the clerk within the time allowed under the statute a *praecipe* for a transcript of the papers which he desires to be used on appeal, and should such *praecipe* fail to contain a request for all necessary papers or transcript and they are not found in the transcript on appeal, the responsibility will rest in the first instance with the counsel for appellant. It must also affirmatively appear that service upon counsel for respondent has been duly made of the transcript and brief within the time prescribed by the rules of this court; otherwise, upon motion, said appeal may be dismissed.

The appeal in this case is hereby dismissed. Costs are awarded to respondents.

Sullivan, C. J., and Morgan, J., concur.