(March 19, 1915.)

## STATE, Respondent, v. JOHN JEWETT, GEORGE W. WALTON and A. G. PRESTON, Appellants.

[147 Pac. 288.]

APPEAL—MOTION TO DISMISS—FAILURE TO SERVE AND FILE TRANSCRIPT IN TIME—RULES OF COURT.

1. The rules of practice in this court provide that within sixty days after an appeal is perfected the transcript of the record must be filed in this court, and that written evidence of the service thereon upon the adverse party shall be filed therewith; also, that if the said transcript is not filed within the time prescribed, the appeal may be dismissed on motion, without notice.

APPEAL from the District Court of the Fifth Judicial District, in and for the County of Bear Lake. Hon. Alfred Budge, Judge.

Action to recover the penalty of bail bond. Judgment for plaintiff. Appeal *dismissed.*

John A. Bagley and Chas. E. Harris, for Appellants, cite no authorities on point decided.

J. H. Peterson, Atty. Genl., J. J. Guheen, T. C. Coffin, E. G. Davis, Assts., and Jesse P. Rich, County Atty., for Respondent.

In view of the obvious lack of merit of appellants' defense and their reliance entirely upon technical matters, we have felt justified in asking that the appeal be dismissed under rule 23, which provides that the transcript on appeal must be filed within sixty days after the perfection of the appeal, while in this case 131 days elapsed. (*First Nat. Bank v. Shaw,* 24 Ida. 134, 132 Pac. 802.)

MORGAN, J.—This is an appeal from an order denying a motion for a new trial in a case wherein judgment was ob-

tained against appellants and in favor of the state for the sum of $1850 claimed to be due by reason of the forfeiture of a bail bond.

The respondent moved to dismiss the appeal upon the ground that appellants have failed to comply with rule 23 of this court, in that they failed to serve upon the respondent, or file in this court, the transcript of the record within sixty days after the appeal was perfected.

Judgment was filed in this case in the district court on February 17, 1913. A motion to vacate and set aside the judgment and for a new trial of the action was filed on February 26, 1913. Said motion was, by the district court, overruled and denied on October 23, 1913. Notice of appeal to this court from the order denying appellants' said motion for a new trial was filed with the clerk of the district court on November 11, 1913, and on November 17th of said year an undertaking upon appeal was also filed. The transcript on file in the office of the clerk of this court fails to disclose any proof of service thereof upon the respondent, but it is stated in respondent's brief that "on May 31, 1914, the attorney for the appellants forwarded to the attorney general's office a copy of the transcript on appeal, lacking in many important particulars, such as a certificate of authenticity, but of which errors the respondent has taken no advantage. The fact that no bill of exceptions was ever settled, no certificate ever signed by the judge as to the papers used by him upon the hearing of a motion for a new trial, and the fact that six days elapsed between the filing of the notice of appeal and the filing of the undertaking on appeal have been disregarded by the respondent, and if error justifying a dismissal of appeal in any of these matters has been committed by the appellants, the state has taken no advantage thereof."

It is apparent from an examination of the transcript in this case that the above-mentioned errors and omissions actually do exist. However, since the attorney general has seen fit to rely alone for a dismissal of the appeal upon the failure

of appellants to conform to said rule 23, the motion will be disposed of upon that ground alone.

As heretofore indicated, the notice of appeal was filed November 11, 1913, and the undertaking on appeal was filed on the 17th of that month. The transcript on appeal was filed in this court on March 4, 1914, and the motion to dismiss the appeal for failure to file and serve said transcript in time was filed on May 21, 1914. Thereafter, as appears by an admission in respondent's brief, the appellants served upon respondent a copy of the transcript on appeal on May 31, 1914, but neither the date nor the fact of service appears otherwise than by such admission. It will be observed that said transcript was neither served upon the adverse party nor filed in this court within sixty days after the appeal was perfected.

Rule 23 of the rules of practice in this court is as follows:

"Filing and Serving of Transcript.—In all cases where an appeal is perfected, or a writ of error issued, transcripts of the record (showing the date of filing the undertaking on appeal) must be served upon the adverse party and filed in this court within sixty days after the appeal is perfected or writ of error issued, and the same must be certified to be correct by the attorneys of the respective parties or by the clerk of the court from which the appeal is taken. Written evidence of the service of the transcript upon the adverse party shall be filed therewith."

Rule 25 provides that the time limited within which a transcript must be served and filed, as set forth in rule 23, may be extended by an order of the court, or a justice thereof, upon good cause shown by affidavit, or by stipulation of the parties filed with the clerk, but it does not appear that any such extension of time has been granted or applied for, or that any such stipulation has been entered into.

Rule 26 provides that if the transcript of the record is not filed within the time prescribed by rule 23, the appeal may be dismissed on motion, without notice.

These rules have been construed by this court in a number of cases. (See *First National Bank of American Falls v. Shaw*, 24 Ida. 134, 132 Pac. 802, and cases therein cited.)

The motion to dismiss the appeal is granted. Costs on appeal awarded to respondent.

Sullivan, C. J., concurs.

Budge, J., did not sit at the hearing nor take part in the decision of this case.