(May 23, 1917.)

## ADELHAID WOLTER, Respondent, v. B. CHURCH and THOMAS J. BYRNE, Appellants.

[165 Pac. 521.]

DISMISSAL OF APPEAL—TIME FOR FILING TRANSCRIPT—RULES OF THE COURT—DILIGENCE IN PROSECUTING APPEALS—STIPULATION.

1. A failure to file and serve transcript on appeal within the time specified by the rules of this court does not divest this court of jurisdiction.

2. Where a motion to dismiss for failure to file transcript within the time specified by rule 26 of the rules of this court is made upon

notice, and a showing is made in opposition to such motion, the showing should be sufficient to justify the court in reinstating the case if it had been previously dismissed without notice.

3. Where upon appeal to this court a transcript has not been filed within the time limited by the rules, such appeal will be dismissed upon motion in the absence of a sufficient showing of diligence. Facts examined and showing of diligence in the prosecution of the appeal held to be insufficient.

4. A stipulation for obtaining an extension of time within which to file transcript on appeal to this court should be obtained before the time limited by the rules of this court for filing such transcript has expired.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. F. J. Cowen, Presiding Judge.

Motion to dismiss the appeal for failure to file transcript within the time prescribed by rule 26 of the rules of this court. *Appeal dismissed.*

Bissell & Hellman, for Appellants.

"General rules are binding upon the court as well as upon the parties, except where in the original rule or body of rules there is power to exercise discretion in particular cases." (*Quynn v. Brooke,* 22 Md. 288; *Pratt v. Pratt,* 157 Mass. 503, 32 N. E. 747, 21 L. R. A. 97; *Magnuson v. Billings,* 152 Ind. 177, 52 N. E. 803; *Coyote etc. M. Co. v. Ruble,* 9 Or. 121; *Taylor v. Leesnitzer,* 31 App. D. C. 92; *Royal Neighbors of America v. Sinon,* 135 Ill. App. 599.)

"Rules of court are but means to accomplish the ends of justice, and it is always in the power of the court to suspend its own rules or to except a particular case from their operation, whenever the purposes of justice require it." (*Pickett v. Wallace,* 54 Cal. 147.)

A. L. Fletcher, for Respondent.

An order extending the time within which the transcript on appeal may be filed did not operate as an extension of the time within which to file the transcript, since the time for fil-

ing had already expired under the rules. It was the duty of the attorneys for appellants, under the statutes and rules of the court, not only to call upon the clerk and ask him if the transcript would be ready within the time prescribed, but it was further the duty of the attorneys for appellants to definitely ascertain from the clerk whether the transcript would be ready within sixty days, and if not, to secure an extension of time. (*Stout v. Cunningham,* 29 Ida. 809, 812, 162 Pac. 928.)

Where the transcript is not prepared and filed in this court within the time and in the manner prescribed by the rules of this court, the appeal upon proper motion will be dismissed. (*First Nat. Bank of American Falls v. Shaw,* 24 Ida. 134, 132 Pac. 802.)

RICE, J.—This cause comes on at this time upon a motion to dismiss the appeal. Several grounds for dismissal are urged, but it will only be necessary to consider the one relating to the failure of the appellants to file and serve transcript within the time limited by rule 26 of the rules of this court.

In this case the judgment was entered by the trial court on the 23d day of October, 1916. The appeal was perfected on the 8th day of January, 1917, and on the 21st day of March this motion to dismiss the appeal was filed. At the time of the motion the transcript had not been filed and served, and no extension of time for filing and serving the same had been applied for or granted.

It has been decided in this state that failure to file and serve transcript on appeal within the time specified by the rules of this court does not divest this court of jurisdiction. (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928.)

By rule 29 such appeal may be dismissed without notice. A case so dismissed may be reinstated during the same term, upon good cause shown, on notice to the opposite party. In cases where the motion to dismiss for failure to file transcript within the time specified under rule 26 is made upon notice, and a showing is made in opposition to such motion, the showing should be sufficient to justify the court in reinstating the

case if it had previously been dismissed without notice. In the absence of such a showing the case will be dismissed.

The principal showing of diligence in this case consists in setting forth the effort of appellant's attorney to procure the money from one of the appellants with which to pay the clerk and reporter for transcribing the record. The affidavit, however, sets forth that the clerk of the court and the official reporter did not require their fees in advance, but always informed the appellants' attorney that he might get the money from his clients before they would require payment. The affidavit does not state that these officers misled him with regard to the preparation, filing and service of the transcript on appeal.

This showing would have been proper in support of an application for an extension of time within which to file the transcript. It does not present a sufficient excuse for failure to obtain an extension of time within the limit allowed by rule 26. It is not shown that appellants' attorney ever sought to obtain an extension of time within which to file the transcript, nor is it shown that there was any excuse therefor, except that appellants' attorney "may have relied too implicitly upon his past ability to get extensions of time for filing of transcripts, through stipulations with opposing counsel at any time." Unless a valid excuse be shown, an appellant relying upon a stipulation that the time for filing the transcript may be extended must obtain such stipulation before the sixty days expire in order to show due diligence.

In this case we think the showing of due diligence is not sufficient, and that the appeal must be dismissed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.