(October 2, 1917.)

BOHANNON DREDGING COMPANY, a Corporation, et al., Appellants, v. JAMES G. ENGLAND et al., Respondents.

[168 Pac. 12.]

APPEAL AND ERROR—RECORD ON APPEAL—MOTION FOR NEW TRIAL.

1. An appeal from an order overruling motion for a new trial is not subject to dismissal for the reason that notice of motion in the district court was not served upon the adverse parties or their counsel. A motion to dismiss an appeal only presents the question of whether or not the requirements of the statutes and rules as to the mode of taking the appeal have been followed.

2. A deposit of money may be made with the clerk of the district court in lieu of an undertaking on appeal.

3. Service of the clerk's transcript of the record and the reporter's transcript of the testimony, as provided for by secs. 4820–A and 4434, Rev. Codes, is mandatory.

4. The reporter's transcript of the testimony, provided for by sec. 4434, Rev. Codes, is not required to be settled or filed prior to the hearing of a motion for a new trial.

5. The statute requiring the filing of a *praecipe* within five days after the filing of notice of appeal is directory and not mandatory. The time of filing the *praecipe* may be considered in connection with the question of diligence in taking the appeal.

6. A transcript on appeal must be filed in this court within the time prescribed by the court rules; otherwise, in the absence of a proper showing excusing the failure to do so, the appeal will be dismissed.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James G. Gwinn, Presiding Judge.

Action to determine priority of water rights. Motion to dismiss appeal. *Sustained.*

Stevens & Clute, for Appellants, file no brief.

E. W. Whitcomb, A. C. Cherry and J. H. Padgham, for Respondents.

Where the transcript fails to show compliance with the statute and all rules of court in taking an appeal, the same will be dismissed. (Flynn's Dig., p. 30.)

Where the transcript was not settled until after the motion for a new trial had been heard, the same will be stricken from the record on appeal. (*Wood v. Tanner,* 15 Ida. 689, 99 Pac. 123, 1053; *Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831.)

"When the transcript on appeal has not been filed with the clerk of this court within the time provided by the rules, and it does not appear that an extension of time has been granted, a motion to dismiss the appeal will be sustained." (*California Consolidated Min. Co. v. Manley,* 12 Ida. 221, 85 Pac. 919; *First Nat. Bank v. Shaw,* 24 Ida. 134, 132 Pac. 802; *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910.)

The *praecipe* must be filed within five days. (Sess. Laws 1911, p. 375; *Strand v. Crooked River Min. & Mill Co.,* 23 Ida. 577, 131 Pac. 5.)

RICE, J.—This is an appeal from the district court of the sixth judicial district for Lemhi county from an order of the trial court overruling appellant's motion for a new trial. Respondents have moved to dismiss the appeal upon several grounds, each of which will be considered separately.

Respondents first contend that this appeal should be dismissed for the reason that notice of motion for a new trial in the district court was not served upon respondents or their counsel. There is no proof of service of this notice, or acknowledgment thereof, in the record. The order of the trial court overruling the motion, however, recites that the same was heard upon stipulation of counsel as to the time of·hearing. This of itself would be a waiver of any objection to the failure to serve the notice; besides, the ruling was in favor of the respondents, and they had not been injured. Moreover, this is not a proper ground for dismissal of the appeal. The objection goes to a matter which transpired in the trial court prior to the entry of the order appealed from, and will not be considered in this court until the appeal is considered upon its merits. In the case of *Vreeland v. Edens,* 35 Mont. 413, 89 Pac. 735, the court said:

"The absence from the record of anything in support of the motion as made in the trial court is no reason why the appeal from the order denying it should be dismissed. The appeal is given by the statute as a matter of right. The fact that the proceedings anterior to the order are irregular or defective to such an extent that the motion is without merit cannot take away this right. It only goes to the merit of the appeal when submitted to this court for determination. A motion to dismiss an appeal only presents the question whether or not the statutory requirements as to the mode of taking the appeal have been observed." (*Turner v. F. W. Ten Winkel Co.,* 24 Cal. App. 213, 140 Pac. 1086; *Bell v. Staacke,* 137 Cal. 307, 70 Pac. 171.)

The case of *Fox v. Rogers,* 6 Ida. 710, 59 Pac. 538, wherein an appeal from an order denying a motion for new trial was dismissed for the reason that the notice of intention to move

therefor was not served and filed within ten days after verdict, is overruled on that point.

The second ground assigned for the dismissal of this appeal is that the record has not been properly certified by the trial judge, clerk or attorneys, as to what papers were submitted to the judge or used by him on the hearing of the motion for a new trial. We find in the record, however, a certificate signed by the trial judge designating the papers used and considered by him on the hearing of such motion.

The third reason urged for the dismissal of the appeal is that the record makes no showing that a sufficient undertaking on appeal has been filed with the clerk of the district court. The record contains a certificate of the clerk of the district court to the effect that three hundred dollars in cash had been deposited by the appellant in lieu of an undertaking on appeal, but the date upon which such deposit was made is not given. The certificate of the clerk which was filed with the motion to dismiss, as required by Rule 30 of this court, showed that the deposit was made with him on January 2, 1917, the same day upon which the notice of appeal was filed. Sec. 4809, Rev. Codes, provides for a deposit of cash in lieu of an undertaking on appeal. The third ground for dismissal of the appeal is therefore without merit.

The fourth assignment is to the effect that no complete transcript of the record, as settled by the trial court, has ever been served upon respondents or any of their counsel, and that there is no showing that said transcript on appeal has ever been served. Sec. 4434, Rev. Codes, as amended 1911 Sess. Laws, pp. 379, 380, requires the service of the reporter's transcript of the testimony within five days after the receipt thereof upon the adverse party or his attorney. The adverse party shall have ten days after such service within which to point out, by notice, any errors in said transcript and file same with the clerk of the court. This statute makes no requirement of any other service of the reporter's transcript of the testimony. Sec. 4820-A, Rev. Codes, as amended 1911 Sess. Laws, pp. 375, 376, requires the appellant, or his attorney, upon receipt of two copies of the

clerk's transcript of the record, to forthwith serve one copy upon the adverse party or his attorney. This transcript is certified by the clerk and not settled by the trial judge. The service provided for by secs. 4820–A and 4434 is mandatory, and failure to make such service as required by the sections of the statute referred to divests this court of jurisdiction to entertain the appeal. (*Strand v. Crooked River Min. & M. Co.*, 23 Ida. 577, 131 Pac. 5; *Coon v. Sommercamp*, 26 Ida. 776, 146 Pac. 728.)

One of the attorneys for the appellant, however, filed his affidavit in this court at the time of filing the motion to dismiss, in which he alleges that he "served copy of the transcript, as settled by the Hon. James G. Gwinn, the trial judge who tried the action in the district court of the sixth judicial district of the state of Idaho, in and for Lemhi county, upon Ariel C. Cherry, one of the attorneys for the defendant herein, on or about the second day of April, 1917." It is impossible to determine from reading this affidavit whether this service has reference only to the reporter's transcript of the testimony or not, or to determine whether the service was made before or after the settlement of such reporter's transcript by the trial judge.

Respondents also ask for the dismissal of the case upon the ground that the reporter's transcript was not settled or filed until after the hearing of the motion for a new trial. This was not necessary. The amended section 4442, found in 1911 Sess. Laws, p. 378, was enacted for the purpose of expediting the hearing of motions for a new trial, and it was provided therein that such hearing might be had upon the minutes of the court, in which event reference might be made to any deposition, documentary evidence or phonographic report of the testimony on file. After the action of the trial judge upon the motion, should an appeal be taken, the appellant may then procure a transcript of the testimony and make up his record as provided by statute in case such record had not been previously prepared. (*Kelley v. Clark*, 21 Ida. 231, 121 Pac. 95.)

Another reason urged for the dismissal of the appeal is that the supplementary *praecipe* was not filed within five days after filing notice of appeal. The statute requiring the filing of a *praecipe* within five days after the filing of notice of appeal has been held by this court to be directory and not mandatory, and an appeal will not be dismissed for failure to file same within the time directed by statute. (*Strand v. Crooked River Min. & M. Co., supra.*) The time of filing the *praecipe,* however, may be considered in connection with the question of diligence in taking the appeal.

The seventh ground for dismissal of the appeal is as follows: "That the transcript is not engrossed as finally settled by the trial judge; that none of the respondents or any of their attorneys have ever been advised as to any settlement of the transcript on appeal by the trial judge, and have never been served with such transcript on appeal as finally perfected, and are therefore unable to intelligently prepare or present their briefs and arguments on such appeal." It will be noticed that it is not urged that the reporter's transcript of the testimony was not as a matter of fact settled by the judge. We find in the transcript a certificate of the trial judge to the effect that the transcript of the testimony had been duly settled by him. The statute does not require an additional service of the reporter's transcript of the testimony after settlement by the trial judge. Apparently Rule 26 of this court contemplates service of the entire transcript, including both the clerk's transcript of the record and the reporter's transcript of the testimony, after settlement, but under the present condition of the statute and the rules of the court we do not think that an appeal is subject to dismissal on the ground of failure to make service of the transcript if the service required by the statutes quoted has been made.

Finally, it is urged that the appeal must be dismissed because the transcript was not served and filed with this court within sixty days after the appeal was perfected as prescribed by Rule 26 of this court; that there is no showing of any good excuse for such delay, nor any showing of any exten-

sion of time for the filing of such transcript. The appeal in this case was perfected on January 2, 1917. The appellants obtained two extensions of time from a justice of this court, one for thirty days and the other for fifteen days additional. The time for filing the transcript, as it was thus extended, expired on April 18, 1917. The transcript was filed on May 28, 1917. No showing has been made which would excuse the failure of the appellants to file their transcript within the time prescribed by the rule above mentioned.

For the reason that the transcript on appeal was not filed in this court within the time allowed by the order of the court, and no proper showing has been made excusing the failure so to do, the appeal is dismissed. Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.