(June 22, 1918.)

## HARRY S. WORTHMAN, Appellant, v. W. H. SHANE, Respondent.

[173 Pac. 750.]

PUBLIC OFFICERS—PROCEEDINGS TO REMOVE—DILIGENCE IN PERFECTING APPEAL.

1. An appeal from a final judgment of the district court in a proceeding provided for in sec. 7459, Rev. Codes, is governed by the statutes and rules of court relative to civil appeals.

2. Where the transcript has not been filed in this court within the time limited by the rules, or an extension thereof, the appeal will be dismissed, upon motion, in the absence of a sufficient showing of diligence by the appellant.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action to remove public officer. Judgment for defendant. *Appeal dismissed.*

Geo. F. Zimmerman and Harry S. Worthman, for Appellant.

An action brought under sec. 7459 is not a criminal action. (*Ponting v. Isaman,* 7 Ida. 283; 286, 62 Pac. 680.)

Rule 28 provides that the time during which the trial court, or judge thereof, may hold a bill of exceptions, etc., shall be excluded in computing time. (*Fischer v. Davis,* 24 Ida. 216, 222; 133 Pac. 910; *Junction Placer Min. Co. v. Reed,* 28 Ida. 219, 223, 153 Pac. 564; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728.)

J. P. Reed, Richards & Haga, Marvin C. Hix and Thompson & Bicknell, for Respondent.

A proceeding under the provisions of sec. 7459 for the removal of an irrigation district director is not a civil action, but a popular one in the nature of a criminal action. (Sec.

2, art. 5, Constitution; *Daugherty v. Nagel,* 28 Ida. 302, 154 Pac. 375; *Daugherty v. Nagel,* 27 Ida. 511, 149 Pac. 729.)

The appeal is subject to dismissal because the record was not filed within sixty days, as required by Rule 26, and no extension of such time was ever granted. (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *State v. Jewett,* 27 Ida. 147, 147 Pac. 288; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *First Nat. Bank of American Falls v. Shaw,* 24 Ida. 134, 132 Pac. 802.)

MORGAN, J.—This action was brought pursuant to the provisions of sec. 7459, Rev. Codes, to oust respondent from his office as a member of the board of directors of an irrigation district. A motion to dismiss the appeal has been heard, the grounds of which are that no appeal is provided by law from the judgment rendered, and that the transcript was not filed within the time limited by statute and the rules of this court.

It has been decided in this state that an appeal will lie from a final judgment of the district court on behalf of either party in a proceeding of this kind, as provided for by sec. 4807, Rev. Codes (amended Sess. Laws, 1915, c. 80, p. 193); *Ponting v. Isaman,* 7 Ida. 283, 62 Pac. 680.) This cause is therefore governed by the statutes and rules of court relating to civil appeals.

In this case the appeal was perfected on August 9, 1917. The transcript was filed in this court on December 7th, following, after the expiration of the sixty-day limit provided by Rule 25 of the rules of this court as then in force. No extension of time for serving and filing the transcript has been applied for or granted.

The appellant, in opposition to the motion to dismiss, shows that his attorney, immediately after perfecting the appeal, prepared and forwarded to the judge, by mail, an order for a reporter's transcript, but that the same was not served on the reporter until September 8, 1917, by reason of the absence of the judge from the state. Thereafter the reporter, on his own volition, secured an extension of time until November

15, 1917, in which to complete his transcript, finally lodging the same with the clerk on October 16, 1917. The clerk did not inform appellant's attorney that the transcript on appeal was ready for delivery until November 14, 1917, or thirty-seven days after the expiration (on October 8) of the time within which it might be filed in this court. No showing is made that during the time which elapsed previous to such notification by the clerk, appellant or his attorney made any inquiry or investigation as to the status of the transcript, although the affidavit of the attorney sets forth that, through frequent inquiry by telephone, he knew of the judge's absence in August, and he must be charged with notice, at the very beginning of the sixty-day period, that delay was occurring.

This showing, or portions thereof, might have been proper in support of an application, under Rule 28, as it then existed, for an extension of the time, prior to its expiration, within which to file the transcript. It does not present sufficient excuse for failure to apply for such extension. It is incumbent upon the attorney for appellant to use due diligence and such means as lie within his power to have the transcript filed within time and, during the preparation thereof, he should endeavor to keep informed as to the progress being made so that, if necessary, an extension of the time may be secured. (*State v. Jewett,* 27 Ida. 147, 147 Pac. 288; *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Wolter v. Church,* 30 Ida. 427, 165 Pac. 521; *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12.)

Appellant's showing of diligence is not sufficient and the motion to dismiss the appeal is granted. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.