(July 19, 1918.)

HANS P. HANSEN, Respondent, v. BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant.

[174 Pac. 703.]

APPEAL—DILIGENCE IN PROSECUTING—TIME FOR FILING TRANSCRIPT.

1. Where a record upon appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, be dismissed, in the absence of a sufficient showing of diligence by the appellant.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for damages. Judgment for plaintiff. Appeal dismissed.

Edwin Snow, for Appellant, cites no authorities.

J. C. Johnston and John J. McCue, for Respondent.

No jurisdiction was conferred upon this court by the filing of notice of appeal and undertaking on Feb. 28, 1918, 1 year, 4 months and 17 days after the appellant filed his *praecipe* with the clerk of the trial court for a transcript of the clerk's record of the judgment-roll, and 10 months, 7 days after the appellant filed his second notice of appeal and undertaking on appeal.

No extensions were ever given by this court in which to file the clerk's transcript of the record or judgment-roll, and not having been filed within the time limited by the statute and the rules of the court, the appeal must be dismissed. (*Bohannon Dredging Co. v. England,* 30 Ida. 721, 724, 168 Pac. 12; *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910; *Wolter v. Church,* 30 Ida. 427, 165 Pac. 521.)

MORGAN, J.—Respondent has moved to dismiss this appeal for the reason that the record, consisting of the clerk's transcript, was not served and filed within the time limited by statute and the rules of this court.

Appellant filed notice of appeal which was dismissed on the ground that it was prematurely taken. Subsequently, on April 23, 1917, the present appeal was perfected, at which time the completed transcript prepared for use in the former appeal was held by appellant's attorney. On February 28, 1918, the clerk's transcript was served on respondent's attorney and filed in this court as the record on appeal.

Rule 26 of this court, as it stood previous to February 10, 1918, and in force at the time this appeal was taken, required the transcript of the record to be served and filed within sixty days after the perfection of the appeal, and rule 28 provided that the time during which the trial court, or judge thereof held a reporter's transcript, prior to the settlement and filing thereof, should be excluded in computing the time.

The record herein was not served or filed within the time specified by the rule, nor was any extension thereof secured. It appears that on June 18, 1917, the reporter's transcript was transmitted to the trial judge for settlement. It will be noted that up to that time fifty-six days, since the appeal was perfected, had expired. On September 15, following, the judge refused to settle the transcript and the time again began to run. Immediately thereafter appellant made application to this court to settle the transcript, which application was, on October 31, 1917, denied (*Hansen v. Boise Payette Lumber Co.,* 30 Ida. 801, 168 Pac. 163). Thereupon a writ of mandate from this court was sought commanding the trial judge to settle the transcript, the application for which was, on February 18, 1918, denied (*Boise Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920).

Assuming, as the language of the rule does not, however, permit us to do, that the time occupied in seeking to procure this court to settle the transcript and the time consumed in the mandate proceeding should also be excluded from the sixty days within which to file it after the appeal had been perfected, the time again began to run on the date last mentioned and expired on February 23, 1918. The transcript was filed on the 28th of that month, four days too late according to the view of the matter most favorable to appellant.

Appellant contends it could not, with safety to its rights, have filed the record on appeal in this court before it was finally determined whether the reporter's transcript was entitled to be settled and included in such record. In that case it was incumbent upon it to make application for the

necessary extension, or extensions, of time wherein to file the record, as provided in rule 28. The showing now made would have been proper, and perhaps sufficient, in support of such application. It is not sufficient as an excuse for failure to apply for an extension, and therefore due diligence does not appear. Among the authorities are *State v. Jewett,* 27 Ida. 147, 147 Pac. 288; *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Wolter v. Church,* 30 Ida. 427, 165 Pac. 521; *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12; *Worthman v. Shane, ante,* p. 433, 173 Pac. 750,

The motion to dismiss the appeal is granted. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.