(January 12, 1920.)

A. D. WELCH, Respondent, v. SPOKANE INTERNATIONAL RAILWAY COMPANY, a Corporation, Appellant.

[186 Pac. 915.]

APPEAL AND ERROR—MOTION TO DISMISS—TIME FOR FILING TRANSCRIPT.

1. Where it is shown that it is proposed to incorporate in the transcript on appeal a reporter's transcript of the testimony, a motion to dismiss the appeal upon the ground that the transcript was not filed in this court within the time allowed by law, and the rules of the court, is premature if made before the settlement thereof, or within sixty days thereafter.

2. When a transcript is deposited with the clerk of this court for filing more than six months after the appeal is perfected, but within sixty days after the reporter's transcript of the testimony contained in the record has been settled, or within a valid extension of said sixty-day limit, a showing of due diligence is required before the same can be filed. This showing may be made properly when the transcript is offered for filing after the expiration of the six months period.

3. Under C. S., sec. 6886, either party may require the clerk to forward a reporter's transcript to the trial judge for settlement at the expiration of the time limited for designating errors therein.

APPEAL from the District Court of the Eighth Judicial District, for Boundary County.   Hon. John M. Flynn, Judge.

Motion to dismiss appeal.   *Denied.*

Herman H. Taylor, for Appellant, files no brief.

O. C. Wilson and G. H. Martin, for Respondent.

Rule 26 of this court requires that ''in no case shall a transcript on appeal be filed in this court more than six months after the perfecting of the appeal except by order of the court or one of the justices thereof upon a showing of due diligence.''   (*Stine Lumber & Shingle Co. v. Hemenway,* 32 Ida. 153, 179 Pac. 505.)   This was not done and the appeal should therefore be dismissed, especially in view of the fact that the order denying the motion for a new trial was not made until after the lapse of fourteen months from the entry of judgment.   (*McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67; *Smith v. American, Falls etc. Co.,* 15 Ida. 89, 95 Pac. 1059; *Wood v. Tanner,* 15 Ida. 689, 99 Pac. 123, 1053.)

Where the transcript on appeal is not served and filed within the time limited by the rules of this court, the appeal will be dismissed without notice.   (*State v. Jewett,* 27 Ida. 147, 147 Pac. 288.)

RICE, J.—Respondent moved to dismiss the appeal upon the ground that the transcript was not filed in this court within the time allowed by law and the rules of the court; that it had not yet been filed, and more than six months had elapsed since the appeal was perfected.

The appeal was perfected March 14, 1919.   An order was duly made for reporter's transcript in lieu of bill of exceptions.   This transcript at the time the motion was made had not been settled by the trial court, and more than six months had elapsed after the appeal was perfected.

The motion to dismiss the appeal is premature.   It is provided in rule 26 of the rules of this court that in all cases in

which the record on appeal shall contain a reporter's transcript of the testimony, the record on appeal must be served and filed within sixty days after the reporter's transcript has been duly settled. Since the reporter's transcript had not been settled when the motion was made, the sixty-days time within which the transcript might be filed had not begun to run.

The time limited by rule 26 within which a transcript on appeal must be filed is sixty days after the appeal is perfected, unless the transcript on appeal contains a reporter's transcript of the testimony. If the transcript contains a reporter's transcript of the testimony, the time limited for filing transcript in this court is sixty days after settlement thereof by the trial court. It is this sixty-day limit which must be extended by order of the court, or a justice thereof, as provided for in rule 28, in order to keep alive the time for filing the transcript on appeal. Unless the transcript is filed within the time thus limited, or a valid extension thereof, the appeal is subject to dismissal in the absence of a showing that the failure was without fault on the part of appellant: *Woodmansee-Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148; *Peterson v. Phelps,* 31 Ida. 692, 175 Pac. 709; *State v. Jewett,* 27 Ida. 147, 147 Pac. 288; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Wolter v. Church,* 30 Ida. 427, 165 Pac. 521; *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12; *Worthman v. Shane,* 31 Ida. 433, 173 Pac. 750; *Hansen v. Boise Payette Lumb. Co.,* 31 Ida. 600, 174 Pac. 703.

The rule further provides that in no case shall a transcript on appeal be filed in this court more than six months after the appeal is perfected, except by an order of the court, or one of the justices thereof, upon a showing of due diligence. This provision of the rule raises a presumption of lack of diligence upon the part of appellant in procuring the filing of the transcript within six months after perfecting the appeal, which must be overcome in every such case by an affirmative showing upon the part of appellant. Rule 28, with reference

to extending the time for filing the transcript, has no application to this provision of the rule. The showing of due diligence necessary to obtain the filing of a transcript when more than six months has elapsed after perfecting of the appeal may properly be made when the transcript is offered for filing.

It should be observed that under C. S., sec. 6886, at the expiration of the time limited for designating errors in the reporter's transcript, the same shall be transmitted to the judge for settlement by the clerk upon application of either party. The respondent, therefore, in a case like this, is not remediless. It lies within his power to set in motion the time within which the transcript must be filed.

The motion to dismiss is denied.

Morgan, C. J., and Budge, J., concur.