(March 18, 1920.)

## GUS SCOTT, Respondent, v. SANDIAGO MADARICA, Appellant.

[188 Pac. 37.]

APPEAL AND ERROR—TIME WITHIN WHICH TRANSCRIPT MUST BE FILED—MOTION TO DISMISS.

1. Where the record discloses that it is intended that the transcript on appeal shall contain a reporter's transcript in lieu of a bill of exceptions, the time within which the transcript must be filed in this court does not begin to run until the reporter's transcript has been settled by the trial court.

Opinion of the Court—Rice, J.

2. It is not a ground for dismissal that a transcript on appeal has not been served and filed in this court within six months after perfecting of the appeal.

3. The time for filing transcript on appeal in this court will begin to run from the date the trial court refuses to settle the reporter's transcript.

4. In case the appellant permits the time within which the reporter must prepare and lodge his transcript with the clerk of the court below, as ordered by the trial judge, to expire without procuring an extension thereof, the time for filing the transcript in this court would begin to run from the date of the expiration of the time prescribed by the order of the trial court. But if within sixty days after the expiration of the time limited for lodging the reporter's transcript, the appellant files a motion in the lower court for an order extending the time and requiring the reporter to prepare and lodge the transcript, which motion is denied, such denial is tantamount to a refusal to settle the reporter's transcript, and the appeal will not be dismissed until sixty days after the denial of the motion.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Charles P. McCarthy, Judge.

Motion to dismiss appeal. · *Denied.*

P. E. Cavaney, for Appellant.

Elliott & Healy, for Respondent.

Counsel file no briefs.

RICE, J.—In this case the appeal was perfected on June 19, 1919. On June 18, 1919, the trial court made an order requiring the court reporter to prepare transcript of the testimony and lodge the same within forty days from that date. The transcript was not prepared and lodged within the time prescribed by the order, and on August 30, 1919, appellant filed a motion for an order of the court directing the court reporter to proceed and prepare the reporter's transcript. On December 23, 1919, the court entered an order denying

appellant's motion. On February 4, 1920, respondent moved this court to dismiss the appeal.

Three grounds are assigned for the dismissal of the appeal.

The first is that no transcript of the record has been served upon respondent or filed in this court within sixty days after the appeal was perfected. This assignment, standing alone, is not ground for dismissal. The moving papers show that it was intended that the record should contain a reporter's transcript of the testimony in lieu of bill of exceptions. Under this condition, the time for serving and filing the transcript in this court does not begin to run until the reporter's transcript has been settled. (*Welch v. Spokane etc. R. Co., ante,* p. 668, 186 Pac. 915.)

The second ground for dismissal is that no transcript on appeal was served or filed in this court within six months after perfecting of the appeal. This is not ground for dismissal of the appeal. It is ground for the clerk to refuse to file the transcript without an order of a justice of this court made pursuant to a showing of due diligence required by the rules, or if the transcript had been inadvertently filed without such showing, it might present a ground for a motion to strike the transcript from the files.

The third ground for dismissal is that no reporter's transcript of the testimony has been prepared, and none can be prepared or procured under the rules of this court and in accordance with the law.

A fair construction of Rule 26, in force at the time this motion was made, would be that upon the refusal of the trial court to settle the reporter's transcript, the time for filing the transcript in this court would begin to run from the date of such refusal. We think that a denial by the court of appellant's motion to extend the time and direct the reporter to lodge the transcript within the time so extended is tantamount to a refusal to settle the transcript.

There is nothing in the record to indicate that appellant did not at the time of taking the appeal intend in good faith to procure a reporter's transcript. Had appellant taken no action in the lower court to obtain such transcript after the

time allowed by the trial judge had expired, a fair construction of the rule would require that appellant have sixty days after the expiration of the time granted for lodging the transcript in the district court in which to file the record in this court, which in that case would consist of the judgment-roll. But before the expiration of such period of sixty days, appellant made his motion in the court below to require the reporter to prepare and lodge the transcript.

Without deciding whether or not the order denying this motion is appealable, it is sufficient to say under the circumstances of this case that until such an appeal has been attempted, or until the time for the taking thereof has expired, it cannot be said definitely that the preparation of a reporter's transcript under the rules of this court, and in accordance with the law, is impossible.

The motion to dismiss is denied.

Morgan, C. J., concurs.

Budge, J., dissents.